IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                        Case No. 01-20038-01-JWL

**Norberto Cardenas-Acosta,**

      **Defendant.**

## MEMORANDUM AND ORDER

Defendant, who is serving concurrent prison sentences in two separate federal drug cases, filed two motions with this court in August 2007 asking the court to instruct the Bureau of Prisons as to the correct date on which his sentences began running (Doc. 18). On December 12, 2007, this court denied the motion as it related to one of defendant's cases (Case No. 00-20011). It recently came to the court's attention, however, that no order had been entered resolving the motion filed in Case No. 01-20038. For the reasons set forth below, defendant's motion as it relates to this matter is denied.

As noted in this court's previous memorandum and order in Case No. 00-20011, defendant must exhaust his administrative remedies with the Attorney General, who has initial discretion to credit a prison term with time spent in custody prior to commencement of a sentence, before he may seek judicial review. *See United States v. Woods*, 888 F.2d 653, 654 (10th Cir. 1989); *Williams v. O'Brien*, 792 F.2d. 986, 987 (10th Cir. 1986) ( stating that by statute, "responsibility for the computation of the service

of a sentence is an administrative responsibility.")  Defendant has not indicated that he has satisfied this condition. Therefore, his motion is denied.

Even if defendant had properly exhausted his administrative remedies, he would not be entitled to relief.  The Bureau of Prisons worksheet attached to defendant's motion indicates that although defendant's 121-month sentence in this matter has been "computed" as starting on May 2, 2001, he is receiving "jail credit" on that sentence for the period from July 20, 2000 through May 1, 2001.  Thus, it appears that defendant has in fact received the credit to which he argues he is entitled.[1]

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's Motion for Clarification of Sentence (Doc. 18) is denied.

IT IS SO ORDERED.

Signed this 17th day of April, 2009.

                                                s/John W. Lungstrum

                                                JUDGE JOHN W. LUNGSTRUM
                                                UNITED STATES DISTRICT JUDGE

---

[1] U.S.S.G. § 5G1.3(b), cited by the defendant, is inapplicable.  That section provides that if relevant conduct used to increase the offense level includes conduct for which a prison sentence has already been imposed, then (1) the Court shall adjust the sentence for time already served on the other sentence if the Court determines that such credit will not be given by the Bureau of Prisons, and (2) the sentences shall run concurrently.  *Id.*  In this case, it does not appear that the prior sentencing conduct was used as relevant conduct in the second sentencing; there is no basis to determine that the Bureau of Prisons will not give defendant the requested credit; and the sentences were ordered to run concurrently.  Thus, section 5G1.3(b) has no effect here.